## JOSEPH LANDA v. J. T. STARK GRAIN COMPANY.

Decided November 22, 1905.

**Venue—Plea of Privilege—Question of Fact.**

The evidence herein is held to raise an issue of fact as to whether the allegation of fraud committed in the county where suit was brought, relied on to defeat defendant's plea of privilege to be sued in the county of its residence, was untrue and merely made to obtain jurisdiction, which should have been submitted to the jury, and not determined by the court, which had instructed a verdict for defendant on that plea.

Appeal from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*F. J. Mayer,* for appellant.—The court erred in giving the defendant's special charge to the jury to find in favor of the defendant on the plea of privilege. Rev. Stats., art. 1194, secs. 7, 23; Middlebrook v. David B. Mfg. Co., 86, 706; Merchants', etc., Co. v. Seeligson, 4 App. C. C., sec. 205; Landa v. Hunt, 45 S. W. Rep., 860; Hunt County Oil Co. v. Scott, 67 S. W. Rep., 451, 28 Texas Civ. App., 213; History Co. v. Flint, 4 App. C. C., sec. 224; Boothe v. Fiest, 80 Texas, 141.

*Brown & Hughston,* for appellee.—Even if there was any proven fact which to any mind might be evidence of fraud, the same was so slight that the doctrines and principles announced in the following authorities are in point, and that the court should have directed a verdict in favor of the appellees. Joske v. Irvine, 91 Texas, 574; Texas & P. Ry. Co. v. Carlin, 60 L. R. A., 462; Commissioners v. Clark, 94 U. S., 278; Improvement Co. v. Munson, 14 Wall., 448; Pleasants v. Fant, 22 Wall., 120; Parks v. Ross, 11 How., 373; Merchants' Bank v. State Bank, 10 Wall., 637; Hickman v. Jones, 9 Wall., 201.

KEY, ASSOCIATE JUSTICE.—This is a suit against a private corporation. The defendant interposed a plea of privilege to be sued in the county of its domicile. After hearing the testimony the court below instructed the jury to find for the defendant on its plea of privilege, which was done, and the plaintiff has appealed.

In his petition the plaintiff charged the defendant with the commission of certain frauds in Comal County, where the suit was brought, on account of which frauds a recovery was sought. It was also charged that part of the cause of action arose in that county.

Further answering, the defendant alleged that the charges of fraud contained in plaintiff's petition were untrue, and were made for the purpose of conferring jurisdiction.

We hold that, in directing a verdict for the defendant, the trial court committed error. We deem it unnecessary, if not improper, to discuss the testimony, and merely state our conclusion that it was such as entitled the plaintiff to have the question of jurisdiction, as well as other questions in the case, presented to the jury under proper instructions. (Landa v. Hunt, 45 S. W. Rep., 860; Merchants' Co. v. Seeligson, 4 App. Civ. Cas., sec. 206.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*